May 28, 1951. } No. 4047.

OPINION OF THE JUSTICES.

The following resolution was adopted by the House of Representatives at the present session of the General Court on March 29, 1951, and transmitted to this court on April 5, 1951. The hearing was held on April 24, 1951. The resolution reads as follows:

"WHEREAS, there is now pending before the House of Representatives House Bill No. 142, An act to compel the Boston and Maine Railroad to restore the double track on its line to Boston between Concord and the State line; and

"WHEREAS, questions have been raised concerning the necessity for this legislation and concerning its constitutionality;

"RESOLVED, that the Justices of the Supreme Court be respectfully requested to give their opinion upon the following questions of law:

"1. Does the Public Service Commission or any other state agency possess power and authority under existing law to require said Railroad to restore the line of track already removed between Concord and Nashua and to cease and desist from further removal of such track?

"2. If the answer to the first question is in the negative, does any provision of said House Bill No. 142 violate the constitution of New Hampshire or the constitution of the United States?

"FURTHER RESOLVED, That the Speaker of the House transmit a copy of this resolution and of House Bill No. 142 to the Clerk of the Supreme Court."

The bill provides that "the Boston & Maine railroad shall forthwith commence to completely replace all of said double track between Concord and Nashua heretofore removed and shall complete such replacement within twelve (12) months from the effective date of this act." The preamble states:

"*Whereas* the Boston & Maine Railroad has removed the double

track of its line from Concord to Nashua, and

"*Whereas* no permission to remove this track has been obtained from any state agency, and

"*Whereas* the public convenience and necessity require the maintenance and operation of this double track, both for adequacy of service and safety of operations, and

"*Whereas,* the removal of said double track is detrimental to the national defense effort in the present emergency; now therefore . . . ."

The following answer was returned:

*To the House of Representatives:*

The undersigned, the Justices of the Supreme Court make answer to your resolution with reference to House Bill No. 142 entitled "An Act to Compel the Boston & Maine Railroad to Restore the Double Track on its Line to Boston between Concord and the State Line."

In our opinion the Public Service Commission has authority under existing law to require the railroad to restore the track already removed between Concord and Nashua and to desist from further removal if adequacy and safety of service demand it. Revised Laws, chapter 287, section 21, so far as material provides that the Public Service Commission may order a railroad to furnish proper service and equipment, and by section 22 of the same chapter a railroad is required to obey such orders. Revised Laws, chapter 289, sections 1 and 3 respectively, provide in effect that a railroad must furnish safe and adequate service and that the Public Service Commission has supervisory powers to see that this and other provisions concerning the operation of railroads are carried out. Whether in the present instance safety and adequacy of service demand that the tracks be relaid and that further removal be stopped depends on facts which we are in no position to determine since they are "neither proved nor admitted." *State* v. *Railroad,* 77 N. H. 425, 426. Since we cannot know what facts may be found by the Public Service Commission, we do not predict whether the power exists to order the railroad to relay its tracks.

In answer to the first part of the second question, House Bill No. 142 on its face does not violate the Constitution of New Hampshire. If House Bill No. 142 as applied to the Boston & Maine Railroad would compel it to make "an unnecessary, unreasonable and waste-

ful operation" (*Thompson* v. *Railroad*, 86 N. H. 204, 205), it would violate the State Constitution.

The second part of the second question raises the issue whether the House Bill would conflict with the order of the Interstate Commerce Commission entered pursuant to U. S. C. A., *Tit.* 49, s. 26. We are unable to express any opinion on this part of the question due to insufficient facts. *Cf. Southern Pacific Co.* v. *Arizona*, 325 U. S. 761, 768, 769.

FRANCIS W. JOHNSTON.
FRANK R. KENISON.
LAURENCE I. DUNCAN.
AMOS N. BLANDIN, JR.
EDWARD J. LAMPRON.

May 28, 1951.

*E. Harold Young* (by brief and orally), for the bill.

*Orr & Reno* (*Mr. Reno* orally), for the Boston & Maine Railroad, opposed.